UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN CHAVERS, | ) |
| | ) |
| | ) |
| Plaintiff, | )   NO. CV-04-234-MWL |
| | ) |
| v. | )   ORDER GRANTING DEFENDANT'S |
| | )   MOTION FOR SUMMARY JUDGMENT |
| WASHINGTON STATE DEPARTMENT OF | ) |
| CORRECTIONS; JOSEPH D. LEHMAN; | ) |
| JOHN LAMBERT; DAVID A. HUTTON, | ) |
| M.D., CARLA SHETTLER; ROBERT | ) |
| STERNS; DENNIS WEAVER; JAKE | ) |
| DEMORY; and BRIAN MAGUIRE, all | ) |
| in their individual and | ) |
| official capacities, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

On February 14, 2005, Defendant Hutton moved for summary

judgment.  **(Ct. Rec. 19.)** On February 25, 2005, the parties agreed

to an extension of time for plaintiff to respond to the summary

judgment motion. (Ct. Rec. 24.) The Court granted the agreed

request. (Ct. Rec. 25.) On April 22, 2005, the parties consented

to proceed before a magistrate judge. (Ct. Rec. 27.) Defendants

other than defendant Hutton do not oppose his motion for summary

judgment. (Ct. Rec. 23.) On May 11, 2005, plaintiff's counsel

filed a memorandum opposing summary judgment and a statement of

material facts. (Ct. Rec. 28, 29.) On May 18, 2005, defendant

Hutton filed his reply. (Ct. Rec. 30.) The matter came before the

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT  - 1

1 undersigned magistrate judge on May 31, 2005 for oral argument at

2 defendant Hutton's request. (Ct. Rec. 21.)

3       The matter now before the Court is Defendant's motion for

4 summary judgment of Plaintiff's §1983 civil rights claims.

5 Defendant seeks summary judgment alleging: 1) he did not act with

6 deliberate difference to plaintiff's medical needs in violation of

7 the Eighth Amendment, 2) plaintiff failed to properly exhaust his

8 administrative remedies as required by the Prison Litigation

9 Reform Act (hereinafter, "PLRA"), and 3) defendant Hutton was not

10 a state actor as required to establish a 1983 civil rights

11 violation. (Ct. Rec. 19 at 2.)

## I. Summary Judgment

13      When considering a motion for summary judgment pursuant to

14 Fed. R. Civ. P. 56, the court's role is not to weigh the evidence,

15 but merely to determine whether there is a genuine issue for

16 trial. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986);

17 *Freeman v. Arpaio*, 125 F. 3d 732, 735 (9th Cir. 1997). Summary

18 judgment is appropriate if, after viewing the evidence in the

19 light most favorable to the party opposing the motion, the court

20 determines that there is no genuine issue of material fact and the

21 moving party is entitled to judgment as a matter of law. *Vander v.*

22 *United States Dep't of Justice*, 268 F. 3d 661, 663 (9th Cir.

23 2001).

24      "[A] party seeking summary judgment always bears the initial

25 responsibility of informing the district court of the basis for

26 its motion, and identifying those portions of [the record] which

27 it believes demonstrate the absence of a genuine issue of material

28 fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)*; see*

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT  - 2

1 | *also Anderson*, 477 U.S. at 256.

2 | A party opposing a properly supported motion for summary

3 | judgment must set forth specific facts showing that there is a

4 | genuine issue for trial. *Harper v. Wallingford*, 877 F. 2d 728, 731

5 | (9th Cir. 1989). To establish the existence of a genuine issue of

6 | material fact, the non-moving party must make an adequate showing

7 | as to each element of the claim on which the non-moving party will

8 | bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at

9 | 322-23. The opposing party may not rest on conclusory allegations

10 | or mere assertions, *see Leer v. Murphy*, 844 F. 2d 628, 631 (9th

11 | Cir. 1988), but must come forward with significant probative

12 | evidence, *see Sanchez v. Vild*, 891 F. 2d 240, 242 (9th Cir. 1989).

13 | The evidence set forth by the non-moving party must be sufficient,

14 | taking the record as a whole, to allow a rational jury to find for

15 | the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith*

16 | *Radio Corp.*, 475 U.S. 574, 587 (1986). Where "the factual context

17 | renders [the non-moving party's] claim implausible . . ., [that

18 | party] must come forward with more persuasive evidence to support

19 | [its] claim than would otherwise be necessary" to show that there

20 | is a genuine issue for trial. *Matsushita Elec. Indus. Co.*, 475

21 | U.S. at 587.

22 | The materiality of facts is determined by looking to the

23 | substantive law that defines the elements of the claim. *Nidds v.*

24 | *Schindler Elevator Corp.*, 113 F. 3d 912, 916 (9th Cir. 1996).

25 | **II.   Eighth Amendment**

26 | "It is undisputed that the treatment a prisoner receives in

27 | prison and the conditions under which [the prisoner] is confined

28 | are subject to scrutiny under the Eighth Amendment." *Helling v.*

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT  - 3

1   *McKinney*, 509 U.S. 25, 31 (1993); *see also Farmer v. Brennan*, 511

2   U.S. 825, 832 (1994).

3        Conditions of confinement may, consistent with the

4   Constitution, be restrictive and harsh. *See Rhodes v. Chapman*, 452

5   U.S. 337, 347 (1981); *Osolinski v. Kane*, 92 F. 3d 934, 937 (9th

6   Cir. 1996). Prison officials must, however, provide prisoners with

7   "food, clothing, shelter, sanitation, medical care, and personal

8   safety." *Toussaint v. McCarthy*, 801 F. 2d 1080, 1107 (9th Cir.

9   1986); *see also Johnson v. Lewis*, 217 F. 3d 726, 731 (9th Cir.

10  2000); *Hoptowit v. Ray*, 682 F. 2d 1237, 1246 (9th Cir. 1982).

11       When determining whether the conditions of confinement meet

12  the objective prong of the Eighth Amendment analysis, the court

13  must analyze each condition separately to determine whether that

14  specific condition violates the Eighth Amendment. *See Cabrales v.*

15  *County of Los Angeles*, 864 F. 2d 1454, 1462 (9th Cir. 1988)

16  (subsequent history omitted); *Toussaint*, 801 F. 2d at 1107.

17       As to the subjective prong of the Eighth Amendment analysis,

18  prisoners must establish prison officials' "deliberate

19  indifference" to inhumane conditions of confinement to establish

20  an Eighth Amendment violation. *See Farmer*, 511 U.S. at 834;

21  *Wilson*, 501 U.S. at 303.

22       Deliberate indifference to a prisoner's serious illness or

23  injury states a cause of action under section 1983. *Estelle v.*

24  *Gamble*, 429 U.S. 97, 105 (1976); *see also Lopez v. Smith*, 203 F.

25  3d 1122, 1131 (9th Cir. 2000)(en banc). This rule applies to

26  "physical, dental, and mental health." *Hoptowit v. Ray*, 682 F. 2d

27  1237, 1253 (9th Cir. 1982). In deciding whether there has been

28  deliberate indifference to an inmate's serious medical needs, the

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT  - 4

1  court need not defer to the judgment of prison doctors or

2  administrators. *See Hunt v. Dental Dep't*, 865 F. 2d 198, 200 (9th

3  Cir. 1989). State prison authorities have wide discretion

4  regarding the nature and extent of medical treatment. *Jones v.*

5  *Johnson* 781 F. 2d 769, 771 (9th Cir. 1986).

6      A serious medical need exists if the failure to treat a

7  prisoner's condition could result in further significant injury or

8  the unnecessary and wanton infliction of pain. *McGuckin v. Smith*,

9  974 F. 2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*,

10 *WMX Techs., Inc. v. Miller*, 104 F. 3d 1133, 1136 (9th Cir. 1997)(en

11 banc)(internal quotation omitted). The court should consider

12 whether a reasonable doctor would think that the condition is

13 worthy of comment, whether the condition significantly affects the

14 prisoner's daily activities, and whether the condition is chronic

15 and accompanied by substantial pain. *See Lopez,* 203 F. 3d at 1131-

16 32.

17     Delay of, or interference with, medical treatment can also

18 amount to deliberate indifference. *See Lopez v. Smith*, 203 F. 3d

19 1122, 1131 (9th Cir. 2000)(en banc). If the prisoner alleges that

20 delay of medical treatment evinces deliberate indifference, the

21 prisoner must show that the delay led to further injury. *See*

22 *McGuckin v. Smith*, 974 F. 2d 1050, 1060 (9th Cir. 1992), *overruled*

23 *on other grounds, WMX Techs., Inc. V. Miller*, 104 F. 3d 1133 (9th

24 Cir. 1997) (en banc).

25     Negligence does not suffice. "[A] complaint that a physician

26 has been negligent in diagnosing or treating a medical condition

27 does not state a valid claim of medical mistreatment under the

28 Eighth Amendment. Medical malpractice does not become a

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT  - 5

1 constitutional violation merely because the victim is a prisoner."

2 *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Even gross negligence

3 is insufficient to establish deliberate indifference to serious

4 medical needs. *See Wood v. Housewright*, 900 F. 2d 1332, 1334 (9th

5 Cir. 1990).

6     A difference of opinion between the physician and the

7 prisoner concerning the appropriate course of treatment does not

8 amount to deliberate indifference to serious medical needs.

9 *Jackson v. McIntosh*, 90 F. 3d 330, 332 (9th Cir. 1996).

10 **Undisputed Facts**

11     Defendant Hutton asserts that he gave plaintiff timely and

12 extensive medical care. (Ct. Rec. 19 at 5.) He contends that

13 because plaintiff fails to establish deliberate indifference to a

14 serious medical need, he does not establish that the medical care

15 he received amounted to cruel and unusual punishment under the

16 Eighth Amendment.

17     Plaintiff is a paraplegic as a result of a gunshot wound in

18 1991. (Ct. Rec. 20-1 at 2.) His paralysis requires use of a

19 catheter. (Id.) By June of 1999, the Foley catheter caused

20 leakage, urinary tract infections, and the formation of two

21 fistulas on the underside of Mr. Chavers' penis. (Ct. Rec. 20-1 at

22 3.) Plaintiff's WSP physician was Ronald Fleck, M.D. Dr. Fleck

23 submitted a consultation request to the prison Utilization Review

24 Committee (URC) and requested that urologist David A. Hutton

25 examine plaintiff. (Ct. Rec. 20-3 at 4.) That request was

26 designated by Dr. Fleck as urgent. (Id.)  The URC approved the

27 referral to Dr. Hutton. (Ct. Rec. 20-3 at 4.) Dr. Hutton examined

28 plaintiff and decided to remove the Foley catheter and then

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT  - 6

1  perform a clean intermittent catherization to solve the leaking,

2  prevent further deterioration of the penile shaft and prevent

3  formation of further fistulas. (Ct. Rec. 20-1 at 5.) Dr. Hutton

4  stated that a suprapubic cystostomy, urinary drainage and

5  cystoscopy would be needed. He opined that repair of the fistulas

6  could be performed after the other procedures to allow the urethra

7  to heal and inflammation to subside. (Id.) The URC approved Dr.

8  Hutton's requested treatment plan and procedure on June 30, 1999.

9  Dr. Hutton performed surgery to remove the Foley catheter on July

10 8, 1999. (Ct. Rec. 29-3 at 23; Ct. Rec. 20-1 at 2-3, 6.)  The

11 repair of plaintiff's fistula was approved by the URC. (Ct. Rec.

12 20-3 at 9.) On January 31, 2000, Dr. Hutton performed surgery to

13 repair the two fistulas. (Ct. Rec. 20-1 at 7.) A follow-up exam

14 revealed that the proximal fistula was successfully repaired, but

15 the distal fistula broke down. (Id.) On April 12, 2000, Dr. Hutton

16 attempted a second, ultimately unsuccessful, repair. (Ct. Rec. 20-

17 1 at 7-8.)

18      Mr. Chavers desired a third surgery to attempt repair of the

19 distal fistula. Dr. Hutton believed that such a surgery would be

20 more extensive and he did not feel capable of performing it. (Ct.

21 Rec. 20-1 at 9.) Dr. Hutton recommended that plaintiff see another

22 urologist with more experience in this type of repair. (Ct. Rec.

23 20-3 at 13; Ct. Rec. 20-5 at 5) The URC requested that Dr. Hutton

24 consult with another urologist.  On August 10, 2000, Dr. Hutton

25 conferred telephonically with urologist Dr. Steve Silverstein.

26 Both doctors agreed a third surgery to attempt to repair the

27 fistula was not medically necessary at that time since the

28 suprapubic catheter was functioning well and plaintiff was not

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT  - 7

able to use his penis for anything at all. (Ct. Rec. 20-1 at 9; Ct. Rec. 20-5 at 1, 2) After this consultation, Dr. Hutton advised Mr. Chavers that he felt a third operation was medically unnecessary.  Dr. Hutton opined that any attempt at repair would require extensive surgery, including grafting, and would make Mr. Chavers prone to complications and recurrent fistula formation. (Ct. Rec. 20-3 at 17.) Dr. Hutton further opined that the location of the fistula - on the underside of the penis - did not present a risk of future injury. (Ct Rec. 29-4 at 14.)

Dr. Hutton's recommendation to the URC that a third surgery to attempt repair of the fistula was not medically necessary at that time is the basis of plaintiff's claim. The record in this case clearly demonstrates and, at oral argument the parties admitted, that the URC makes surgery and treatment determinations for inmates.  In *McGuckin v. Smith*, 974 F.2d 1050 (9th Cir. 1992), the court noted that the defendant doctor was "to determine when and if surgery is needed," but that it was the prison referral committee and prison administrators who scheduled surgical treatments. The *McGuckin* court held that though the doctor was called upon to determine if surgery was appropriate, the doctor did not have the power to schedule the plaintiff for surgery.  The court ruled that such evidence "does not provide a basis for a finding that either doctor was 'deliberately indifferent' to McGuckin's medical condition" and affirmed the grant of summary judgment to the doctors. *McGuckin*, 974 F. 2d at 1062. The ruling in *McGuckin* is helpful because plaintiff McGuckin's claim is similar to plaintiff Chavers'.

Dr. Hutton's recommendation to the URC whether further

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT  - 8

1  treatment was medically necessary was a judgment call he had to

2  make with respect to plaintiff's course of treatment. Dr. Hutton

3  made his recommendation that a third surgery to attempt the repair

4  was not medically necessary after he consulted with another

5  urologist. The making of such a recommendation by itself by Dr.

6  Hutton, based on the undisputed facts in this record, legally and

7  factually does not establish extreme indifference on the part of

8  the doctor.

9       There is no medical evidence of any serious medical need for

10 the surgery. All of the medical evidence in the record before this

11 court shows that the surgery desired by the plaintiff is not

12 medically necessary. The undisputed medical evidence in the record

13 is that except for its unsightly appearance, a fistula would only

14 cause an inconvenience for someone who has use of his penis to

15 empty his bladder or for ejaculation.  It is undisputed that

16 plaintiff can do neither because of his paralysis. Uncontradicted

17 evidence establishes that the failure to have the third surgery

18 would result in no further injury or pain. The only evidence of

19 harm presented by plaintiff is that he worries and has nightmares

20 about this condition on his penis. Plaintiff's worries about his

21 condition however, do not make a third surgery to attempt a repair

22 medically necessary.

23      Plaintiff contends that because he has a *fear* of future

24 injury, Dr. Hutton's refusal to recommend a third surgery was

25 deliberately indifferent to a serious medical need. (Ct. Rec. 29-1

26 at 2.) To show deliberate indifference, plaintiff must first

27 establish a purposeful act or failure to act by Dr. Hutton.

28 Dr. Hutton's recommendation against a third surgery is a

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT  - 9

1 purposeful act but it was not one indifferent to the medical needs
2 of the plaintiff. Dr. Hutton opined that the risky and complex
3 nature of a third surgery, together with its cosmetic purpose,
4 rendered this surgery medically unnecessary. Plaintiff must also
5 show a resulting harm. As has already been noted the evidence is
6 clear and undisputed that there would be no injury, deterioration
7 of the condition or pain because of the failure to have the
8 surgery. Because plaintiff fails to show harm resulting from Dr.
9 Hutton's treatment, he cannot establish that Dr. Hutton treated
10 him with extreme indifference.

11    Nearly five years have passed and there is no evidence that
12 the plaintiff has suffered medical complications or problems as a
13 result of not having the requested surgery. Examined in the light
14 most favorable to the non-moving party, and giving the plaintiff
15 the benefit of the doubt that the fistula does present a serious
16 medical need, plaintiff's claim against Dr. Hutton would still
17 fail because he has not shown deliberate indifference.

18                            **III. PLRA**

19    The Prisoner Litigation Reform Act ("PLRA"), requires that
20 prisoners alleging 1983 violations must exhaust their
21 administrative remedies before seeking relief in federal court.
22 See 42 U.S.C. 1997e(a). Defendants have the burden of raising and
23 proving a prisoner's failure to exhaust under the PLRA. *Ngo v.*
24 *Woodford*, 403 F. 3d 620, 625 (9th Cir. 2005).  In this case,
25 defendants admit that *Ngo* holds that the denial of an untimely
26 grievance exhausts administrative remedies under the PLRA. (Ct.
27 Rec. 30). Defendants concede that *Ngo* applies, although they note
28 that there is a split of authority on this issue among the

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT  - 10

1 circuits. (Id.) Applying this Circuit's precedent, Mr. Chavers,

2 whose grievance was also denied as untimely, has exhausted his

3 administrative remedies as required under the PLRA. However, it is

4 of little consequence because he fails to establish a deprivation

5 of his constitutional rights.

**IV. State Actor**

7 Defendant Hutton asserts that was not a state actor when he

8 provided medical services to Mr. Chavers at WSP because he only

9 provided medical services to inmates on a referral, rather than a

10 contract, basis. (Ct. Rec. 30 at 7-8.)

11 To establish a 1983 claim requires: (1) a violation of rights

12 protected by the Constitution or created by federal statute, (2)

13 proximately caused (3) by conduct of a person (4) acting under

14 color of state law. *Crumpton v. Gates*, 947 F. 2d 1418, 1420 (9th

15 Cir. 1991). Generally, physicians who contract with prisons to

16 provide medical services are acting under color of state law. *See*

17 *West v. Atkins*, 487 U.S. 42, 53-54 (1988); *Lopez v. Dep't of*

18 *Health Servs*., 939 F. 2d 881, 883 (9th Cir. 1991)(per curiam).

19 In this case the Court need not decide whether defendant

20 Hutton acted under color of state law because, as noted, plaintiff

21 has failed to establish the first prerequisite of his civil rights

22 claim: a constitutional violation.

23 The Court finds that plaintiff fails to set forth specific

24 facts showing that there is a genuine issue of material fact for

25 trial.

26 Accordingly,

27 Defendant Hutton's Motion for Summary Judgment **(Ct. Rec. 19)**

28 is **GRANTED.**

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT  - 11

1      **IT IS SO ORDERED**. The District Court Executive is hereby

2 directed to enter this Order, enter judgment for Defendant Hutton

3 and furnish copies to counsel.

4              **DATED** this 6th day of June, 2005.

5

6                              s/ Michael W. Leavitt

7                              MICHAEL W. LEAVITT
                               United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT  - 12